**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
Email: info@bkllawyers.com

February 10, 2021

**Via ECF and Electronic Mail**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   *Johnson v. Strategic Financial Solutions, LLC, et al.*
      Case No. 1:20-cv-8565 (KPF)

Dear Judge Failla:

This firm represents Plaintiff Jessica Johnson in the above-referenced matter. We write, jointly with counsel for Defendants, to respectfully request judicial approval of the parties' settlement agreement, attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). The Agreement resolves Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $30,000.00. As part of this motion, Plaintiff's counsel requests one-third (1/3) in attorneys' fees ($9,866.66) plus costs ($400.00) from the total settlement amount. For the reasons outlined below, the Court should approve this $30,000.00 settlement as a fair and reasonable compromise of Plaintiff's claims against Defendants.

## BACKGROUND

On October 14, 2020, Plaintiff commenced this action, alleging that Defendants engaged in wage discrimination on the basis of sex, in violation of the federal Equal Pay Act ("EPA") under the FLSA and the New York Equal Pay Act ("NYEPA") under the NYLL. See Plaintiff's Complaint (ECF Dkt. No. 1). Plaintiff further alleged that Defendants engaged in discriminatory employment practices on the basis of sex and subjected Plaintiff to a sexually hostile work environment, in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Finally, Plaintiff alleged that Defendants retaliated against Plaintiff for engaging in protected activities.

On November 11, 2020, the Court referred this case to the S.D.N.Y. Mediation Program. In an effort to facilitate resolution, the parties engaged in informal discovery and exchanged damages calculations. On January 7, 2021, the parties participated in mediation and successfully reached a settlement in principle.

The parties' formal settlement agreement was fully executed on February 10, 2021. See **Exhibit 1**. Although this lawsuit was initiated as a putative collective action, a collective action was never conditionally certified and there were no opt-in plaintiffs in this action. Accordingly, the proposed Agreement is limited to the release of Plaintiff Jessica Johnson's individual wage claims, and does not release any claims of the putative collective or class members.

**THE SETTLEMENT IS FAIR AND REASONABLE**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

    A.  Plaintiff's Range of Possible Recovery

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiff's range of possible recovery was between $0 and $168,045.82. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiff are entirely correct and that Plaintiff would prevail on all claims, Plaintiff's calculation of damages amounts to $168,045.82, representing $84,022.91 in unpaid wages and $84,022.91 in liquidated damages. See **Exhibit 2** for Plaintiff's assumptions and calculation of damages. The $30,000.00 settlement amount to Plaintiff therefore provides a significant recovery, 35.7% of Plaintiff's best-case, unliquidated, owed wages. Particularly in light of the litigation risks discussed below, this settlement recovery is a fair and reasonable result.

    B.  Litigation Costs and Risks

The second and third also favor approval. If the parties were to continue litigation, the parties would need to conduct full discovery, including production of documents and depositions of all parties, including corporate representatives for Defendants. Moreover, this would require extensive legal briefing from both sides. As such, further litigation would require significant time and expense. In addition, both sides face serious litigation risks relating to damages and liability.

Unlike in typical wage-and-hour cases involving allegations of unpaid minimum wage and overtime, the nature of the claims and defense for this wage discrimination action would require a detailed analysis of the job qualifications, responsibilities, and salary information of not only Plaintiff but also all of her male and female co-workers in comparable positions. This analysis would require significant testimony from both parties and several witnesses to determine whether there were in fact unequal pay scales between male and female employees. While Plaintiff believes she could establish liability, this would require significant time and prolonged litigation, as

Defendants expressly deny any violation of law or any liability to Plaintiff. Furthermore, Defendants' argument that they acted in good faith at all times, if successful, would preclude Plaintiff from recovering any liquidated damages.

Accordingly, Plaintiff believes it to be in her best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, accounting for a significant percentage of the alleged back wages owed, even after the deduction of attorneys' fees and costs, while eliminating the burdens and risks of trial.

### C.  Arm's-Length Bargaining and Lack of Fraud or Collusion

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel have negotiated at arm's length with the assistance of the court-assigned mediator, Ms. Pamela Esterman, through the S.D.N.Y. Mediation Program. In addition, both parties' counsel have significant experience handling wage and hour claims. Moreover, the settlement is the product of arm's-length bargaining as the settlement amount represents a significant percentage of Plaintiff's potential recovery – 35.7% of her estimated unpaid wages under the best-case scenario.

Further, the red-flag issues identified in *Cheeks* are not present here. The Agreement does **not** contain an overly broad general release, or a confidentiality or non-disparagement provision. See **Exhibit 1**. In order to resolve Plaintiff's non-wage claims, including her discrimination, harassment, and retaliation claims brought in this matter under the NYSHRL and NYCHRL, the parties have entered into a separate agreement, also dated February 10, 2021. This separate agreement contains a confidentiality provision and general release, but does not contain any type of clause that would prevent Plaintiff from discussing the settlement of her FLSA and NYLL claims. *See Chowdhury v. Brioni Am., Inc.*, No. 16 Civ. 344, 2017 U.S. Dist. LEXIS 196469, at *13 (S.D.N.Y. Nov. 29, 2017) ("Judges in this District routinely approve bifurcated settlement agreements, in which the parties submit their FLSA agreement for court review and approval but enter into a separate agreement that addresses the non-FLSA claims, which does not require judicial [review and approval] and may contain provisions that would be impermissible under *Cheeks*.") (citing *Ortiz v. Breadroll, LLC*, No. 16 Civ. 7998, 2017 U.S. Dist. LEXIS 73657, at *4-5 (S.D.N.Y. May 15, 2017); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986, 2016 U.S. Dist. LEXIS 61994, at *3, n. 1 (S.D.N.Y. May 10, 2016) (approving bifurcated settlement agreements, one resolving plaintiff's FLSA claims and the other privately resolving plaintiff's discrimination claims and containing a general release).

Lastly, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they only seek one-third of the settlement, which is typical of FLSA cases. The parties' separate agreement for the release of Plaintiff's non-wage claims also provides for attorneys' fees in the amount of one-third of the settlement amount. Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of her FLSA claims against Defendants and approve the settlement.

## THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Plaintiff further seeks approval of attorneys' fees and costs. In accordance with Plaintiff's contingency-fee basis retainer agreement with Plaintiff's counsel, the Agreement provides that Plaintiff's counsel will recover $10,266.66, equaling (i) $400.00 in reimbursement of costs (i.e., ECF filing fee) and (ii) $9,866.66 in attorneys' fees, which is one-third of the $30,000.00 settlement amount after deduction of the $400.00 in costs. See **Exhibit 1**, Section 1.c. The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiff in her retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation.

Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiff's counsel has spent approximately 99.3 hours investigating, researching, and litigating Plaintiff's claims, including the parties' dispute regarding Defendants' motions to compel arbitration and dismiss the Complaint; appearing before the Court for a conference; and negotiating and executing the settlement, for a lodestar of $39,720.00. See **Exhibit 3** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Plaintiff's counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Lastly, Plaintiff's counsel expended $400.00 on the ECF filing fee. This cost is commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

\*           \*           \*

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Angela Kwon*

Angela Kwon, Esq.
akwon@bkllawyers.com

cc:    all parties via ECF