# Exhibit 1

## WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Jessica Johnson ("Plaintiff"), and Strategic Financial Solutions, LLC ("SFS"), Ryan Sasson, Daniel Blumkin and Kimberly Celic (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

### RECITALS AND BACKGROUND

WHEREAS, Plaintiff was employed by SFS [one or more subsidiaries or affiliates of JJ] from on or around March 12, 2012 until on or around April 14, 2020;

WHEREAS, on October 14, 2020, Plaintiff filed a Collective Action Complaint against Defendants in the United States District Court, Southern District of New York, captioned *Johnson v. Strategic Financial Solutions, L.L.C., et al.*, 20 Civ. 8565 (KPF)(KHP) (hereinafter, "Lawsuit"), alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), violations under the New York Labor Law ("NYLL"), as well as violations under the New York State Human Rights Law and New York City Human Rights Law;

WHEREAS, Defendants expressly denied and continue to deny all of the allegations of violations asserted by Plaintiff in the Lawsuit, whether under the FLSA and NYLL or otherwise, and expressly denied and continue to deny that they are liable or owe damages to Plaintiff or anyone else with respect to the alleged facts or causes of action asserted in the Lawsuit;

WHEREAS, the Parties mutually desire to amicably resolve, without further litigation, any and all disputes and controversies between them, including all FLSA and NYLL claims asserted in the Lawsuit;

WHEREAS, on January 7, 2021, the Parties participated in the Court-annexed mediation program;

WHEREAS, the Parties have reached an agreement to settle all of Plaintiff's claims under the FLSA and NYLL; and

NOW THEREFORE, IT IS HEREBY AGREED, in consideration of the sums and promises set forth below, the Parties agree as follows:

1. **Consideration**. In consideration of the promises set forth in this Agreement, Defendants agree to pay the total gross sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount") in three payments (the "Settlement Payments"), as follows:

    a. Payable to "Jessica Johnson", in the amount of Nine Thousand Eight Hundred Sixty-Six Dollars and Sixty-Seven Cents ($9,866.67), less applicable deductions and withholdings, for alleged lost wages, and for which SFS will issue a Form W-2 and a statement listing the deductions and withholdings to Plaintiff;

    b. Payable to "Jessica Johnson", in the amount of Nine Thousand Eight Hundred Sixty-Six Dollars and Sixty-Seven Cents ($9,866.67), for alleged liquidated damages, from which no deductions or withholdings shall be taken, and for which SFS will issue a Form 1099 to Plaintiff;



**WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE**

    c. Payable to "Brown Kwon & Lam, LLP", in the amount of Ten Thousand Two Hundred Sixty-Six Dollars and Sixty-Six Cents ($10,266.66), representing Four Hundred Dollars and Zero Cents ($400.00) in costs and Nine Thousand Eight Hundred Sixty-Six Dollars and Sixty-Six Cents ($9,866.66) in attorneys' fees, from which no deductions or withholdings shall be taken, and for which SFS will issue a Form 1099 to Brown Kwon & Lam LLP.

2. **Time and Method of Delivery for Settlement Payments**. On or before the later date of either (i) ten (10) days from the Court's dismissal of the Lawsuit or (ii) March 1, 2021, Defendants shall deliver the Settlement Payments in three (3) checks as set forth in Paragraph 1, via certified mail, to the attention of Angela Kwon, Esq., Brown Kwon & Lam, LLP, at 521 5th Avenue, 17th Floor, New York, NY 10175.

3. **Default**. If the Settlement Payments are not received by Brown Kwon & Lam, LLP within the time frame set forth in Paragraph 2, counsel for Plaintiff shall notify Defendants of the default by email to counsel for Defendants, Linda Joseph, Esq., at ljoseph@sjalegal.com, after which, Defendants will have five (5) days to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing on the sixth (6th) day following receipt of said notice, with interest to commence as of the sixth (6th) day at a rate of nine percent (9%) per annum.

4. **Stipulation of Dismissal**. Upon Plaintiff's receipt of the Settlement Payments described in Paragraphs 1 and 2, and assuming the Court's approval of the settlement, Plaintiff shall be responsible for promptly filing the Stipulation of Dismissal dismissing the Lawsuit with prejudice and without costs or attorneys' fees against either Party. A copy of the Stipulation of Dismissal is attached as Exhibit A.

5. **Taxes**. Plaintiff acknowledges that she is responsible for paying any taxes due on any of the Settlement Payments from which SFS did not take deductions or withholdings. Plaintiff further acknowledges that neither Defendants nor their agents have provided any advice concerning the taxability of the amounts to be paid under this Agreement. Plaintiff and Brown Kwon & Lam, LLP agree to provide completed IRS Forms W-4 and W-9s to Defendants with the executed Agreement. Plaintiff understands that IRS Forms W-2 and 1099 shall be issued to her for the Settlement Payments as specified in Paragraph 1 of this Agreement. In paying the amounts specified in Paragraph 1, Defendants make no representation regarding the tax consequences or liability arising from said payment. Plaintiff understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Plaintiff agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. Plaintiff further agrees to hold Defendants harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above-recited sums. In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Defendants, it shall promptly, after receipt of such written notice, notify Plaintiff by letter sent to Plaintiff's counsel's email at akwon@bkllawyers.com.

## WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

6. **Release of Claims**. In consideration of the sums and covenants set forth in this Agreement, Plaintiff hereby releases, waives and forever discharges Defendants, including their representatives, affiliates, present and former officers, agents, members, shareholders, directors, trustees, insurers, and each and every one of their heirs, executors, administrators, successors and assigns, from all wage-related claims, demands, causes of action and liabilities of any kind, whether known or unknown, asserted or unasserted, that Plaintiff ever had, now has or hereafter may have against Defendants up to and including the date of the execution of this Agreement, which arise under any of the following provisions: Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*, including the Equal Pay Act of 1963, 29 U.S.C. § 206(d); New York Labor Law, including the New York Equal Pay Act, New York Wage Orders, and New York Wage Theft Prevention Act; and any other federal, state, or local law concerning payment or reporting of wages ("Released Claims").

7. **No Admission of Liability**. Defendants deny all allegations of wrongdoing against Plaintiff, and Plaintiff agrees and acknowledges that this Agreement is not, and shall not be construed to be, nor shall Plaintiff allege it to be, an admission of any liability or wrongdoing by Defendants.

8. **Neutral Reference**. If Defendants are contacted by anyone requesting a reference or information about Plaintiff's employment, Defendants agree to provide a neutral reference, namely, Plaintiff's position and dates of employment.

9. **Cooperation**. The Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain judicial approval of this Agreement, to effectuate and ensure the enforceability of all aspects of this Agreement.

10. **Enforcement**. If any Party petitions any court or tribunal of competent jurisdiction to enforce or determine breach of the Agreement, the prevailing Party in such proceeding shall be entitled to recover their costs of litigation and all of their reasonable attorneys' fees, as well as reasonable fees and costs incurred to enforce and/or collect any amounts or judgment obtained as to any breaching Party.

11. **Governing Law**. This Agreement and the rights and obligations of the Parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the United States and the State of New York, without regard to its conflict of laws provision.

12. **Jurisdiction and Venue**. The United States District Court, Southern District of New York shall retain jurisdiction over this action to enforce the settlement.

13. **Integration/Modification**. This Agreement constitutes the entire agreement between Plaintiff and Defendants with respect to the Released Claims. The Agreement supersedes all prior negotiations and agreements, whether written or oral, concerning the Released Claims. The Parties acknowledge that no promise, representation or warranty whatsoever, express or implied, written or oral, have been made by the Parties regarding the Released Claims, other than the express written representations in this Agreement. The Parties agree

WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

that the Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement signed by the Parties hereto.

14. **No Waiver**. The Parties agree that the failure of either Party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed a waiver or relinquishment thereof, and the Agreement shall continue in full force and effect notwithstanding the non-enforcement of any one of its provisions.

15. **Severability**. If any provision or subpart of this Agreement is deemed unenforceable or invalid by any court of competent jurisdiction, those provisions shall be severed such that the remainder of the Agreement shall remain in full force and effect.

16. **Headings**. The headings and titles of the paragraphs contained herein shall not have any meaning except as to provide guidance.

17. **Signatures in Counterparts**. This Agreement may be executed in counterparts and each counterpart when executed, shall have the efficacy of a signed original; but such counterparts shall together constitute one and the same document. The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology and shall be deemed as effective as original signatures.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, PLAINTIFF JOHNSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS WHICH ARISE UNDER ANY OF THE FOLLOWING PROVISIONS: FAIR LABOR STANDARDS ACT, AS AMENDED, 29 U.S.C. §§ 201 *ET SEQ.*, INCLUDING THE EQUAL PAY ACT OF 1963, 29 U.S.C. § 206(D); NEW YORK LABOR LAW, INCLUDING THE NEW YORK EQUAL PAY ACT, NEW YORK WAGE ORDERS, AND NEW YORK WAGE THEFT PREVENTION ACT; AND ANY OTHER FEDERAL, STATE, OR LOCAL LAW CONCERNING PAYMENT OR REPORTING OF WAGES.**

**PLEASE READ THIS AGREEMENT CAREFULLY. BY SIGNING BELOW, PLAINTIFF REPRESENTS THAT SHE HAS CONSULTED WITH AN ATTORNEY BEFORE ENTERING INTO THIS AGREEMENT.**

WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed, or caused their duly authorized officer to execute, this Agreement as of the date set forth below.

ACCEPTED AND AGREED TO BY:

Dated: 2/9/2021          *Jessica Johnson*
                         JESSICA JOHNSON

This date below described came before me a person known to me as Jessica Johnson and she executed her name upon this instrument in my presence.

Subscribed to and sworn before me this 9th day of February, 2021.

_____
Notary Public-State of New York

Qualified in Kings County.

My commission expires: 4/16/24

SONNY S SHALOM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6260054
Qualified in Kings County
My Commission Expires 04-16-2024

STRATEGIC FINANCIAL SOLUTIONS, LLC

Dated: Feb 9, 2021       By: *Ryan Sasson*
                         Title: CEO

Dated: Feb 9, 2021       *Ryan Sasson*
                         RYAN SASSON

Dated: Feb 10, 2021      *Daniel Blumkin (Feb 10, 2021 08:59 EST)*
                         DANIEL BLUMKIN

Dated: Feb 10, 2021      *Kimberly Celic (Feb 10, 2021 08:47 EST)*
                         KIMBERLY CELIC

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA JOHNSON,
*on behalf of herself and others similarly situated,*

               Plaintiff,

- against -

STRATEGIC FINANCIAL SOLUTIONS, LLC,
RYAN SASSON, DANIEL BLUMKIN,
and KIMBERLY CELIC,

               Defendants.

Case No: 20-cv-8565

**STIPULATION OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)**

---

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Jessica Johnson and Defendants Strategic Financial Solutions, LLC, Ryan Sasson, Daniel Blumkin, and Kimberly Celic, acting by means of their respective counsel, that the above-captioned action is voluntarily dismissed, with prejudice, against all Defendants, and without any award of fees or costs to any party, pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii).

**For Plaintiff:**

By: _/s/ Angela Kwon_
Angela Kwon, Esq.
Brown, Kwon & Lam, LLP
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
akwon@bkllawyers.com
*Attorneys for Plaintiff*

Date: __2/9/21__

**For Defendants:**

By: _/s/ Linda H. Joseph_
Linda H. Joseph, Esq.
Schroder, Joseph & Associates, LLP
392 Pearl Street, Suite 301
Buffalo, NY 14202
Tel.: (716) 881-4902
Fax: (716) 881-4909
ljoseph@sjalegal.com
*Attorneys for Defendants*

Date: __2/9/21__

**SO ORDERED.**

_____
Hon. Katherine Polk Failla, U.S.D.J.

Date: _____